IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN PATTERSON and
BRI'AHN PATTERSON,

                Plaintiffs,

   v.

GOVERNOR TONY EVERS, ATTORNEY
GENERAL JOSH KAUL, MILWAUKEE COUNTY
DISTRICT ATTORNEY JOHN CHISHOLM, HON.
SUPREME COURT CHIEF JUSTICE PATIENCE D.
ROGENSACK, HON. JUSTICE ANN WALSH       OPINION AND ORDER
BRADLEY, HON. JUDGE JOHN P. ANDERSON,
HON. JUDGE FAYE M. FLANCHER, HON. JUDGE      25-cv-41-wmc
NICHOLAS JOEL McNAMARA, HON. JUDGE
SCOTT L. HORNE, HON. JUDGE MITCHELL J.
METROPULOS, HON. JUDGE FREDERICK C.
ROSA, HON. JUDGE WILLIAM J. DOMINA, HON
JUDGE D. TODD EHLERS, HON. JUDGE
MICHAEL K. MORAN, HON. JUDGE THOMAS B.
EAGON, HON. JUDGE STEPHANIE G.
ROTHSTEIN, HON. JUDGE JANE V. CARROLL,
and HON. JUDGE MAUREEN D. BOYLE,

                Defendants.

---

     Plaintiff Brian Patterson is an inmate incarcerated by the Wisconsin Department of Corrections at Fox Lake Correctional Institution after a homicide conviction in Milwaukee County, Wisconsin. Representing themselves, Patterson and his adult daughter, Bri'Ahn Patterson, filed a complaint for declaratory and injunctive relief in Dane County Circuit Court Case No. 2010CF00599 against Governor Tony Evers, Attorney General Joshua Kaul, Milwaukee County District Attorney John Chisholm, and several judges serving on both the Wisconsin Judicial Conference and the Criminal Jury Instruction Committee,

claiming that jury instructions based on Wisconsin self-defense statutes violated the Second and Fourteenth Amendments of the U.S. Constitution, as well as state law. (Dkt. #1-1.) Defendants removed the case to this court. (Dkt. #1.) Plaintiffs have filed a motion objecting to the removal and a motion for leave to amend (dkt. ##4, 6), both of which defendants oppose (dkt. ##5, 8).

Because Brian Patterson is a prisoner, the court is required to screen the complaint and dismiss any part that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such claims. 28 U.S.C. § 1915A(b). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). After considering the complaint and procedural history relevant to the claims, plaintiffs' motions will be denied. This case will be dismissed for the reasons explained below.

BACKGROUND[1]

Brian Patterson was charged with first-degree intentional homicide in Milwaukee County Circuit Court Case No. 2010CF00599 in connection with the shooting death of his cousin. After a jury rejected his claim that he acted in self-defense, Patterson was

---

[1] Unless otherwise indicated, the facts in this section are taken from plaintiffs' complaint and are presumed true for purposes of screening. The court also takes judicial notice of public records in related state court proceedings from the electronic docket available at Wisconsin Circuit Court Access, http://wcca.wicourts.gov (last visited July 10, 2025). *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.").

convicted of first-degree reckless homicide and sentenced to 35 years' imprisonment, with 25 years' initial confinement, followed by 10 years of extended supervision. Patterson's conviction was affirmed on appeal and collateral review by the Wisconsin Court of Appeals and the Wisconsin Supreme Court. *State v. Patterson*, 2014 WI App 90, 356 Wis. 2d 326, 855 N.W.2d 491, 2014 WL 3582732 (Wis. Ct. App. July 22, 2014), *review denied by* 2015 WI 1, 360 Wis. 2d 172, 857 N.W.2d 617. Thereafter, the U.S. Supreme Court denied Patterson's petition for a writ of certiorari, *Patterson v. Wisconsin*, 576 U.S. 1040 (2015), and the Eastern District of Wisconsin denied his federal habeas corpus petition under 28 U.S.C. § 2254, *see Patterson v. Meisner*, No. 16-CV-745, 2022 WL 4468167 (E.D. Wis. Sept. 26, 2022).

On August 26, 2024, plaintiffs filed a complaint for declaratory and injunctive relief under 42 U.S.C. § 1983 against Governor Tony Evers, Wisconsin Attorney General Joshua Kaul, Milwaukee County District Attorney John Chisholm, and members of the Wisconsin Judicial Conference and Criminal Jury Instruction Committee.[2] *See Patterson et al. v. Evers et al.*, Case No. 24-cv-599-wmc (W.D. Wis.) (Dkt. #1, ¶¶ 39-56.) Specifically, plaintiffs claimed that the Wisconsin statutes governing self-defense unconstitutionally chilled "the

---

[2] The members named are: Wisconsin Supreme Court Chief Justice Patience D. Roggensack; Wisconsin Supreme Court Justice Ann Walsh Bradley; Bayfield County Circuit Judge John P. Anderson; Racine County Circuit Judge Faye M. Flancher; Dane County Circuit Judge Nicholas Joel McNamara; La Crosse County Circuit Judge Scott L. Horne; Outagamie County Circuit Judge Mitchell J. Metropulos; Milwaukee County Circuit Judge Frederick C. Rosa; Waukesha County Circuit Judge William J. Domina; Door County Circuit Judge D. Todd Ehlers; Marathon County Circuit Judge Michael K. Moran; Portage Couty Circuit Judge Thomas B. Eagon; Milwaukee County Circuit Judge Stephanie G. Rothstein; Milwaukee County Circuit Judge Jane V. Carroll; and Barron County Circuit Judge Maureen D. Boyle.

lawful exercise of armed self-defense guaranteed by the Second and Fourteenth Amendments of the U.S. Constitution." (*Id*. at ¶ 20.)  Plaintiffs claimed further that Brian Patterson was "legally and actually innocent" because Wis. Stats. §§ 940.02 and 940.05 are "unconstitutional on their face and as applied." (*Id*. at ¶¶ 25, 28, 37.)  Plaintiffs also claimed that Wisconsin's standard criminal jury instructions on self-defense are similarly flawed, causing "several fundamental Constitutional violations that exist presently," denying citizens such as Brian Patterson their "Second, Fifth, Sixth, and Fourteenth Amendment Constitutional rights to self-defense, notice, defense presentation, a unanimous jury verdict, and the proof beyond a reasonable doubt standard." (*Id*. at ¶¶ 135, 138, 141.)

On October 29, 2024, the court dismissed plaintiffs' nearly identical complaint in Case No. 24-cv-599-wmc as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because success on their claims would "necessarily imply the invalidity of [Brian Patterson's] conviction or sentence," and their case could not proceed unless his conviction had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." (Case No. 24-cv-599-wmc, Dkt. #9, at 3.) The court also noted that the complaint failed to establish that Brian Patterson's daughter, Bri'Ahn, had standing to sue.[3] (*Id*. at 2 n.2.)  Plaintiffs have appealed the dismissal to the Seventh Circuit in Appeal No. 24-3263, which remains pending.

---

[3] To have Article III standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed

4

While Case No. 24-cv-599-wmc was pending, plaintiffs executed this complaint against the same defendants on September 13, 2024 (dkt. #1-1, at 71), but filed it in Dane County Circuit Court on October 18, 2024.[4]  On January 21, 2025, the defendants removed the case -- Dane County Circuit Court Case No. 24CV3784 -- to this court.  (Dkt. #1.)  As with the previous complaint in Case No. 24-cv-599-wmc, the plaintiffs claim that Wis. Stats. §§ 940.02 and 940.05 violate Article 1, Section 25 of the Wisconsin Constitution, as well as the Second and Fourteenth Amendments of the U.S. Constitution, and that Brian Patterson is therefore "legally and actually innocent." (Dkt. #1-1, at ¶¶ 20, 25-26, 37, 59-60, 212-259.)  Along with the notice of removal, defendants submitted their proposed state-court answer, which raises numerous affirmative defenses, including the rule in *Heck*, plaintiffs' lack of standing, res judicata, collateral estoppel, qualified immunity, discretionary immunity, judicial immunity, and sovereign immunity, among other defenses.  (Dkt. #3.)

OPINION

I.   **Plaintiffs' Objections to Removal**

Plaintiffs have filed a motion objecting to the removal of their lawsuit in Dane County Circuit Court Case No. 24CV3784.  (Dkt. #4.)  Plaintiffs argue that their initial

---

by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

[4] *See* Wisconsin Circuit Court Access, at: https://wcca.wicourts.gov (last visited July 10, 2025).  From public records the clerk's office appears to have initially docketed the complaint as Dane County Case No. 24IP15, because it was filed by an "incarcerated person."  Once a ruling was made on the plaintiffs' petition to waive prepayment of the filing fee, the case was assigned to Dane County Circuit Court Case No. 24CV3784 on December 2, 2024.

5

complaint arises mainly under state law and "merely" mentions the Second and Fourteenth Amendments to the U.S. Constitution "in the event that the U.S. Constitution provided greater protection than the State Constitution." (Dkt. #4, ¶ 5.) On its face, plaintiffs' argument that removal was improper is refuted by the record.

Review of the initial complaint shows that plaintiffs repeatedly allege that Wisconsin statutes and jury instructions on self-defense violate the Second and Fourteenth Amendments of the U.S. Constitution. (Dkt. #1-1, ¶¶ 20, 23, 25-26, 37-38, 59-60, 98, 118, 120-121, 123-124, 140, 202-203, 205-206, 212-259.) Thus, removal was proper under 28 U.S.C. § 1441(a), which authorizes a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Specifically, § 1441(a) permits removal of a case with claims that "arise under" federal law "because a federal statute explicitly grants the federal courts 'original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998). Because a federal question is plainly presented on the face of their complaint, plaintiffs do not show that federal-question jurisdiction is lacking or that removal was unauthorized. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (explaining that "the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint") (internal alteration and quotation marks omitted). Accordingly, plaintiffs' objection to the removal will be denied.

6

## II.   Plaintiffs' Claims are Barred

Plaintiffs have filed a motion for leave to amend along with a proposed amended complaint that deletes all federal claims. Because their initial complaint fails to state a claim, leave to amend will be denied and this case will be dismissed.

For reasons set forth previously in Case No. 24-cv-599-wmc, plaintiffs' claims implicate the validity of Brian Patterson's conviction and are barred by *Heck*, 512 U.S. at 486-87. Because courts in Wisconsin also follow the rule in *Heck*, this applies to plaintiffs' state-law claims as well. *E.g., Evers v. Shandor*, 193 Wis. 2d 640, 537 N.W.2d 434, 1995 WL 239595, at *3 (April 25, 1995) (per curiam); *see also Patterson v. Walker*, 429 P. 3d 829, 832 (Alaska 2018) ("Since *Heck* was decided, [c]ourts from other jurisdictions have applied *Heck*'s reasoning and analysis to state tort claims that would necessarily imply the invalidity of criminal convictions that have not been overturned."); *Barker v. H2 Law, LLC.*, 366 So. 3d 540, 543 & n.5 (La. Ct. App. Oct. 10, 2022) (observing that state and federal courts in Louisiana have held that "the holding of *Heck* is applicable to state law claims that challenge the legitimacy of a criminal conviction"). Since the claims in plaintiffs' proposed amended complaint are similarly barred by *Heck*, leave to amend would be futile and would not further the interests of justice.[5]

---

[5] A party typically may amend a pleading with the court's leave, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008)).

Similarly, defendants point to the final judgment in Case No. 24-cv-599-wmc and argue that plaintiffs' current and proposed amended complaint are barred by the doctrine of claim preclusion. (Dkt. #8, at 5.) For claim preclusion to apply, there must be (1) an identity of the parties in the two suits; (2) a final judgment on the merits in the first case; and (3) an identity of the causes of action.[6] *Barr v. Bd. of Trustees of W. Ill. Univ.*, 796 F.3d 837, 840 (7th Cir. 2015).

Here, the record confirms that, while Case No. 24-cv-599-wmc was pending before this court, plaintiffs filed their now-removed, state court lawsuit against the same defendants, asserting nearly identical claims and seeking the same relief based on the same operative facts. *See Matrix IV, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011) (whether identity of cause of action exists depends on whether claims arise out of same set of operative facts, because even if the two claims are based on different legal theories, the two claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations). The claims in the removed complaint are barred by the court's previous judgment in Case No. 24-cv-599-wmc, even though it is being appealed. *Amcast Industrial Corp. v. Detrex Corp.*, 45 F.3d 155, 159-60 (7th Cir. 1995). Indeed, unless and until the ruling is reversed, this court's decision bars any claim

---

[6] Defendants also raise the related doctrine of issue preclusion (dkt. #8, at 7-8), which holds that an issue that is actually and necessarily determined by a court of competent jurisdiction is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Paige K.B. ex rel. Peterson v. Steven G.B.*, 226 Wis 2d 210, 219, 594 N.W.2d 370, 374 (Wis. 1999) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). Since the alleged facts and asserted claims here essentially mirror the same claims asserted in Case No. 24-cv-599-wmc, there is no reason to go down that rabbit hole.

against the defendants based on the same core of operative facts. *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 338-39 (7th Cir. 1995). This is true under both federal and Wisconsin state law. *Kratville v. Runyon*, 90 F.3d 1915, 197-98 (7th Cir. 1996); *Menard, Inc. v. Liteway Lighting Prods.*, 2005 WI 98, ¶ 26, 282 Wis. 2d 582, 595-96, 698 N.W.2d 738, 745 (Wis. 2005).

### III. Plaintiffs' Complaint is Duplicative and Abusive

Finally, a district court has broad discretion to dismiss a complaint "for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888-89 (7th Cir. 2012) (internal quotations and citations omitted). A suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Id.* (citation omitted). Plaintiffs filed their complaint in Dane County Circuit Court while the identical complaint was pending in Case No. 24-cv-599-wmc. The judgment of dismissal in Case No. 24-cv-599 remains pending on appeal before the Seventh Circuit. "To assert the same claim a second time before the first action has been finally decided is frivolous and abusive." *Bailey v. United States*, No. 96 C 1405, 1996 WL 494270, at *4 (N.D. Ill. Aug. 27, 1996); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff.") (quoting *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989)). For all of the foregoing reasons, the court will dismiss this action *with prejudice* both for failure to state a claim upon which relief may be granted and as duplicative.

ORDER

IT IS ORDERED that:

1) The complaint filed by plaintiffs Brian Patterson and Bri'Ahn Patterson (dkt. #1-2) is DISMISSED with prejudice.

2) Plaintiffs' motion objecting to removal (dkt. #4) and plaintiffs' motion for leave to amend (dkt. #6) are DENIED.

3) The clerk of court is directed to close this case and enter judgment in favor of defendants.

Entered this 28th day of July, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge